[No. G044336. Fourth Dist., Div. Three. Oct. 27, 2011.]

EDWARD A. DZWONKOWSKI, Plaintiff and Respondent, v. MICHAEL SPINELLA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(c)(2) and 8.1110, this opinion is certified for publication with the exception of part III. of the Discussion.

COUNSEL

Anthony Cartee for Defendant and Appellant.

Law Offices of Russ E. Boltz and Russ E. Boltz for Plaintiff and Respondent.

OPINION

**FYBEL, J.—**

INTRODUCTION

Michael Spinella retained the Law Offices of Edward A. Dzwonkowski (the Dzwonkowski firm) to represent him in a probate matter. Russ Boltz, of counsel to the Dzwonkowski firm, took over the matter representing Spinella when it proceeded to litigation. A dispute over the payment of attorney fees arose between Spinella and the Dzwonkowski firm, and Dzwonkowski retained Boltz to represent him in the mandatory fee arbitration and later court proceedings. The arbitration panel found in favor of Dzwonkowski and against Spinella, and awarded Dzwonkowski in excess of $33,000 in unpaid attorney fees.

The trial court confirmed the arbitration award. Dzwonkowski filed a motion for attorney fees incurred in the arbitration proceeding and in the proceeding to confirm the award, which the court granted in full. On appeal from the order granting the attorney fees motion, Spinella argues (1) Dzwonkowski is not entitled to recover fees, and (2) the trial court erred in awarding the full amount of attorney fees sought by Dzwonkowski.

Having independently reviewed the record, we conclude the trial court did not err in granting Dzwonkowski's motion. Substantial evidence supported the court's findings that Dzwonkowski was obligated to pay Boltz, an attorney-client relationship existed between Dzwonkowski and Boltz, and they had distinct interests. The trial court did not abuse its discretion in the amount of the attorney fees award. We therefore affirm the trial court's order granting attorney fees.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In April 2006, Spinella hired the Dzwonkowski firm to represent him in a probate matter. The retainer agreement was between the Dzwonkowski firm and Spinella, and expressly excluded litigation from the scope of representation. No new agreement was entered into when the matter proceeded to litigation. Boltz, acting as of counsel to the Dzwonkowski firm, took over as the principal trial attorney.

Dzwonkowski is a sole practitioner with an office in Huntington Beach and one part-time secretary. Boltz maintains a separate office in Laguna Beach. He provides litigation services for some of Dzwonkowski's clients on a contract basis. Boltz does not maintain any regular presence in Dzwonkowski's office.

A fee dispute arose, and a mandatory fee arbitration was initiated before the Orange County Bar Association. In February 2010, the arbitration panel found against Spinella and in favor of Dzwonkowski, ruling that Spinella owed Dzwonkowski $33,306.16 in attorney fees.[1]

---

[1] On our own motion, we augment the record on appeal with the following documents, all of which were filed in the case of *Dzwonkowski v. Spinella*, Orange County Superior Court case No. 30-2010-00358019: (1) verified petition to confirm arbitration award, filed March 29, 2010; (2) response and objection to award confirmation, filed May 7, 2010; (3) petitioner's reply to respondent's untimely response to petition for confirmation of fee arbitration award, filed May 10, 2010; (4) petition to vacate attorney-client fee arbitration award, filed May 10, 2010; (5) amended verified response and objection to petition to confirm arbitration award, filed May 10, 2010; and (6) proof of service by first-class mail for the judgment, filed May 13, 2010. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

Dzwonkowski then filed a verified petition to confirm the arbitration award; Boltz was his attorney of record in the trial court proceedings. On May 12, 2010, the trial court granted Dzwonkowski's petition and entered a judgment for $34,045.53, which was the full amount of the arbitration award plus prejudgment interest and costs. The judgment made no mention of additional attorney fees. On July 8, Spinella paid Dzwonkowski the full amount of the judgment.

On July 16, 2010, Dzwonkowski filed a motion for attorney fees in the amount of $16,344.41. Boltz submitted a declaration in support of the motion regarding the retention and fee agreement between Dzwonkowski and Boltz, and attached his billing statements. In his opposition to the motion for attorney fees, Spinella argued that Dzwonkowski had not "actually incurred" any attorney fees, and any recoverable fees must be drastically reduced due to unnecessary and/or excessive charges. Spinella also argued that many of the charges could have been avoided if Boltz had provided Spinella with a statement or invoice before the motion was filed.

The trial court heard arguments of counsel and issued a minute order granting the motion for attorney fees in the amount of $16,344.41. In its minute order, the court found, "Mr. Boltz was retained by Mr. Dzwonkowski to represent him in this proceeding and was acting in the capacity of 'of counsel.' " Spinella timely appealed.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

Whether attorney fees may be awarded is a question of law, which we review de novo. (*Sherwood Partners, Inc. v. EOP-Marina Business Center, L.L.C.* (2007) 153 Cal.App.4th 977, 981 [62 Cal.Rptr.3d 896].) We review the amount of attorney fees awarded for abuse of discretion. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1151 [56 Cal.Rptr.2d 33].)

### II.

#### DZWONKOWSKI IS ENTITLED TO RECOVER ATTORNEY FEES, PURSUANT TO CIVIL CODE SECTION 1717.

The question before us is whether Dzwonkowski incurred attorney fees in connection with Boltz's representation. For the reasons we discuss, we conclude Dzwonkowski is entitled to recover those fees from Spinella.

Civil Code section 1717, subdivision (a) provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (All further statutory references are to the Civil Code.)

■ Whether fees are incurred is evidenced by an obligation to pay attorney fees, the existence of an attorney-client relationship, and distinct interests between the attorney and the client. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1092–1094 [95 Cal.Rptr.2d 198, 997 P.2d 511] (*PLCM*); *Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212, 220–222 [104 Cal.Rptr.2d 461] (*Gilbert*); *Farmers Ins. Exchange v. Law Offices of Conrado Sayas* (9th Cir. 2001) 250 F.3d 1234, 1238 (*Farmers Ins.*).) All three of those factors are present in this case.

Dzwonkowski was obligated to pay Boltz attorney fees. Dzwonkowski produced a declaration and fee statements as evidence to support his obligation to pay Boltz for representing him in the fee dispute. Dzwonkowski agreed to give Boltz 10 percent of the proceeds of the underlying judgment from Spinella for Boltz's role in obtaining the attorney fees for the probate matter, as well as any court-ordered attorney fees, after Boltz credited Dzwonkowski with payments already made. This case is therefore distinguishable from *Witte v. Kaufman* (2006) 141 Cal.App.4th 1201 [46 Cal.Rptr.3d 845], on which Spinella relies. In that case, the court expressed suspicion regarding the attorney litigant's assertions of having retained outside counsel, because the bill included a number of court appearances which were not made by the purported outside counsel. (*Id.* at p. 1212.) There is no indication in the present case that Boltz submitted false entries of billed time.

The trial court found Dzwonkowski retained Boltz, creating an attorney-client relationship despite Boltz's "of counsel" title. Substantial evidence supports that finding. Boltz stated in his declaration that he was the attorney for Dzwonkowski in the fee dispute matter, and explained the work he had undertaken to fulfill his fiduciary duty to his client, Dzwonkowski.

Spinella's argument that Boltz's "of counsel" status to the Dzwonkowski firm precluded Dzwonkowski from retaining Boltz, and therefore creating an attorney-client relationship, is without merit. Spinella relies on *People ex rel.*

*Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135 [86 Cal.Rptr.2d 816, 980 P.2d 371] to define the "of counsel" relationship, but the issue in *SpeeDee* was whether to impute a conflict of interest to a law firm when one of its "of counsel" attorneys received substantial amounts of confidential information from the party litigating against a client represented by the law firm. (*Id.* at p. 1149.) In *SpeeDee*, the law firm listed 14 attorneys' names on its letterhead, with four more attorneys listed as "of counsel" to the firm, and all the attorneys were listed at the same address. (*Id.* at p. 1140.) When a client returned a telephone call from the "of counsel" attorney involved in the dispute, the receptionist answered the telephone in the name of the law firm. (*Ibid.*) In contrast, both Boltz and Dzwonkowski are sole practitioners; Boltz maintains his own office and maintains no presence at the Dzwonkowski firm.

■ Even if Boltz was "of counsel" to the Dzwonkowski firm in the attorney fees litigation, Dzwonkowski would not be prohibited from incurring attorney fees; litigants who use in-house counsel (*PLCM, supra,* 22 Cal.4th at p. 1088) and members of the attorney litigant's own law firm (*Gilbert, supra,* 87 Cal.App.4th at p. 214) may recover attorney fees under section 1717. Boltz's title in relation to Dzwonkowski's firm is not dispositive of Dzwonkowski's eligibility to recover attorney fees. Rather, the nature of the relationship, and whether fees were incurred, are the keys.

Boltz and Dzwonkowski did not share identical interests in either the fee arbitration or the proceedings to confirm the award. Attorney fees may be recovered when the two attorneys' interests are similar, or even the same, if there is a possibility of their interests later diverging. "Although they appeared to have identical interests in the underlying fee dispute—collecting the contingent fee—some of their interests could have ended up being different. For example, had they lost the underlying fee dispute, they may have incurred disparate liabilities to the [clients in the underlying matter] for their respective roles in the settlement with Farmers that spawned the fee dispute. Had attorneys' fees not been awarded, the two firms may have ended up in a dispute over whether one firm was entitled to a greater share of the contingent fee for performing more work on the litigation to recover the contingent fee." (*Farmers Ins., supra,* 250 F.3d at p. 1239.) In the underlying probate litigation, Boltz was paid an hourly fee by Dzwonkowski, who covered all costs and overhead. Had Dzwonkowski not prevailed in the fee arbitration, or not reduced the arbitration award to judgment, Boltz would still have been entitled to recover his hourly rate from Dzwonkowski, or a dispute would have emerged between the two of them. Boltz and Dzwonkowski did not have identical or such similarly shared interests that would defeat the recovery of attorney fees.

■ There is substantial evidence to support (1) Dzwonkowski's obligation to pay Boltz attorney fees, (2) an attorney-client relationship between Boltz and Dzwonkowski, and (3) distinct interests between Boltz and Dzwonkowski.

■ Spinella relies on *Trope v. Katz* (1995) 11 Cal.4th 274 [45 Cal.Rptr.2d 241, 902 P.2d 259] (*Trope*) to argue that Dzwonkowski could not incur attorney fees because Boltz was "of counsel" to the Dzwonkowski firm. In *Trope*, the Supreme Court held an attorney who chooses to litigate in propria persona rather than retain another attorney to represent him in an action to enforce a contract containing an attorney fees provision cannot recover " 'reasonable attorney's fees' " under section 1717. (*Trope, supra*, at p. 277.) The "attorney" in that case was the law firm of Trope & Trope, which represented itself in suing its former client to recover unpaid fees. (*Id.* at p. 278.) The jury returned a verdict in favor of the law firm, which then moved for attorney fees under the retainer agreement's attorney fees provision. (*Ibid.*)

After analyzing the meanings of "incurred" and "fees" within section 1717, subdivision (a), and considering the legislative intent, the *Trope* court held that an attorney litigating in propria persona does not pay or become liable to pay consideration in exchange for legal representation, and therefore cannot recover " 'reasonable attorney's fees.' " (*Trope, supra*, 11 Cal.4th at p. 292.) To allow such recovery, the court explained, would unfairly create two classes of pro se litigants—those who are attorneys and can recover for time and lost opportunity and those who are not attorneys and cannot recover for time and lost opportunity. (*Id.* at p. 285.)

The restriction on recovery recognized in *Trope* is a fairly narrow one, and does not apply here. First, of course, the present case does not involve a law firm representing itself in an action to recover fees from a former client. To the contrary, this case presents a situation in which one sole practitioner retains another sole practitioner to represent his interests. This case is more analogous to *Farmers Ins., supra*, 250 F.3d at page 1235, in which two attorneys were cocounsel in the underlying dispute, but represented each other in a later fee dispute with their former client. The Ninth Circuit Court of Appeals applied California state law regarding attorney fees and relied heavily on *Trope* and *PLCM* in holding that attorneys who were cocounsel in the underlying dispute could recover attorney fees because the three relevant factors were present. (*Farmers Ins., supra*, 250 F.3d at pp. 1236–1238.) "Because of the broad scope of the term 'incur' and the narrow scope of the *Trope* rule, we conclude that the district court was correct in deciding that a California court, faced with the instant case, would allow Sayas and Q & B to recover their fees. Under California law, recovery is permissible provided the

fees were incurred, which is evidenced by an obligation by the client to pay attorneys' fees, the existence of an attorney-client relationship, and distinct interests between the attorney and the client. All of these factors are present in this case. The district court found that an attorney-client relationship existed between Sayas and Q & B and between Q & B and Sayas and that each firm had become liable to the other firm for a specific amount of fees incurred in recovering the contingent fee in the underlying action. . . . [¶] As attorneys for one another, Sayas and Q & B owed each other a fiduciary duty and a duty of attorney-client confidentiality. Although they appeared to have identical interests in the underlying fee dispute—collecting the contingent fee—some of their interests could have ended up being different." (*Id.* at pp. 1238–1239, fn. omitted.)

■  Reference to other cases by analogy results in the same conclusion. The courts have broadly interpreted the term "incur," as used in section 1717, subdivision (a). (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 283 [105 Cal.Rptr.2d 674] [attorney fees that are waived are still " 'incurred' "].) Courts have held reasonable attorney fees were "incurred" by an attorney represented by other members of his or her law firm where the representation involved the lawyer's personal interests (*Gilbert, supra,* 87 Cal.App.4th at p. 214), and by a corporation represented by in-house counsel (*PLCM, supra,* 22 Cal.4th at p. 1088).

Spinella argues that an award of attorney fees in this case would lead to abuse of the "of counsel" relationship. This argument is without merit. Spinella argues that Dzwonkowski essentially plays the role of a "strawman," allowing Boltz to recover his own fees for the probate litigation, then seeking to recover his lost opportunity costs in the form of more attorney fees. But here, it is clear that the attorney fees that are the subject of this appeal were incurred in the fee arbitration and in the trial court proceedings to confirm the arbitration award. No evidence of double dipping by Dzwonkowski or Boltz has been offered by Spinella.

### III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING DZWONKOWSKI $16,344.41 IN ATTORNEY FEES.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante,* page 930.

## DISPOSITION

The postjudgment order is affirmed. Respondent to recover costs on appeal.

Bedsworth, Acting P. J., and Moore, J., concurred.