Filed 5/13/14  Rothman v. Deshay CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BARRY K. ROTHMAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID DESHAY et al.,<br><br>    Defendants and Appellants. | B245075<br><br>(Los Angeles County<br>Super. Ct. No. SC112957) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

Paul Kujawsky for Defendants and Appellants.

Law Offices of Barry K. Rothman and Gordon J. Zuiderweg for Plaintiff and Respondent.

_____

This appeal arises from an attorney fee dispute between appellants David Deshay, American Trust Deed Services Corporation, Horizon Management, Inc., Horizon Equities, Inc., Horizon Mortgage and Investments Fund, LLC, David J. Brown Revocable Living Trust, David Deshay as trustee of the David J. Brown Revocable Trust, Glenview Profit Sharing Plan, and the David J. Brown Revocable Trust, and respondent Barry K. Rothman (their former attorney). Respondent sued appellants for unpaid legal fees. After appellants filed a request for arbitration under the Mandatory Fee Arbitration Act (Act) (Business and Professions Code section 6200 et seq.) arbitrators awarded fees to respondent.[1] The trial court confirmed the award, and granted respondent fees incurred in confirming the award and prevailing on his original complaint. Appellants claim the trial court's judgment should be reversed because it refused to issue a statement of decision and denied their motion for leave to file a cross-complaint. They also contend the court erred in awarding attorney fees. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Deshay operates a real estate business that frequently is involved in litigation. In January 2011, appellants retained respondent, a licensed attorney, for help with a large caseload that required immediate attention. In exchange for respondent's legal work, the parties agreed that appellants would provide a $20,000 retainer, and respondent would charge $375 per hour for any additional work.

In February 2011, appellants tendered a $20,000 check to respondent. Four days later, respondent emailed Deshay a "Letter of Representation," which, he said, confirmed the details of their agreement. Presuming that the letter complied with State Bar rules, Deshay signed it. The letter included a list of 18 legal matters that appellants hired respondent to handle. During the course of respondent's representation of appellants, they made only one additional payment: $740 from a February 2011 bill. Respondent sent invoices of $50,707.62 for work done in March 2011, and $60,882.96 for work done

_____

[1] All subsequent statutory references are to the Business and Professions Code, unless otherwise indicated.

2

in April 2011. Appellants did not settle the bills. In April 2011, appellants discharged respondent.

In June 2011, respondent filed a complaint against appellants seeking $112,351.19 in unpaid legal fees plus attorney fees and costs. Deshay filed a request for fee arbitration with the Glendale Bar Association pursuant to the Act. The request listed only "David Deshay, et al," but Deshay filed an arbitration brief on behalf of "David Deshay and Affiliates."[2] The Act allows a client to trigger arbitration in a dispute concerning attorney fees, costs, or both. (§ 6200, subds. (a), (c).) The resulting arbitration award is not binding unless the parties agree otherwise, or 30 days pass after mailing of the notice of the award without any party having filed a rejection and request for trial. (§ 6203, subds. (b), (c).)

The filing and service of a request for arbitration automatically stays the underlying court case. (See § 6201, subd. (c).) Respondent filed a notice of stay in September 2011. The filing listed as defendants all appellants, but also specified the case was to be stayed with regard to "Defendant David Deshay only." In October 2011, Deshay wrote to the court and arbitrators to clarify that in listing "David Deshay, et al" on his request to arbitrate, he acted "on behalf of myself and each entity named in the above referenced lawsuit by Mr. Rothman."

At the arbitration hearing, appellants argued that respondent committed malpractice and thus should recover no fees. On February 8, 2012, the arbitrators ruled in favor of respondent for $82,500 in fees.[3] They found that Deshay should have paid respondent $103,240 in fees and costs, but had tendered only $20,740. The arbitrators' written findings and award required that "David Deshay" pay. The arbitrators served the award on the parties on February 16. On March 21, Deshay filed a rejection of the award and request for trial, but did not list the other appellants. The court rejected Deshay's

---

[2] We were unable to find in the record a complete copy of appellants' arbitration brief. Only the first page is provided.

[3] All subsequent dates occur in the year 2012, unless otherwise indicated.

filing for failure to pay the required fee. On March 23, respondent filed a petition to confirm the arbitration award, listing only Deshay as an opposing party. In his supporting memorandum, respondent explained that the award had become binding by operation of law because Deshay failed to file a rejection and request for trial within the required 30-day period pursuant to section 6203, subdivision (b). Deshay opposed the petition, arguing that the retainer agreement did not provide for binding arbitration, he had filed a timely rejection, and respondent committed malpractice on three cases.

On April 16, Deshay again filed a rejection of the arbitration award and a request for new trial, listing only himself and not the other appellants. Then, on behalf of all appellants, Deshay requested an ex parte extension of time to respond to respondent's June 2011 complaint, and filed an answer arguing that the original retainer agreement was unenforceable. The court denied the ex parte application, and set a hearing on respondent's petition to confirm the arbitration award for June 14.

Respondent filed a demurrer to appellants' answer, arguing they failed to assert a defense because the award had become final by operation of law. In May, the case was transferred to a new department without providing the parties with notice of the scheduled hearing date. Appellants' attorney filed a notice of failure to give statutory notice.

On June 14, the court issued a tentative ruling granting respondent's petition to confirm the arbitration award based on the 30-day deadline of section 6203, subdivision (b). It continued the matter to August 7, and then to September 13. In July, appellants filed a motion for leave to file a cross-complaint, alleging respondent committed malpractice, their written agreement was fraudulent, and respondent's fee invoices were inadequate. They also contended that respondent failed to deposit funds into a client trust fund account and that his bills sometimes omitted the specific matter, case, or person on which the hours were charged. Appellants had raised issues with the billing, but respondent did not satisfy their concerns. Appellants also filed a supplement to their earlier opposition to respondent's petition to confirm the award. They argued that

4

their application for arbitration did not empower the arbitrators to issue a binding award. Finally, appellants claimed the decision was void because the arbitrators failed to rule as to all parties.

On July 16, respondent filed a second petition to confirm the arbitration award, adding the appellant parties not listed in his original petition. In August, appellants filed another supplement to their opposition to respondent's petitions to confirm the award. Respondent opposed appellants' motion for leave to file a cross-complaint, arguing they had raised the same malpractice allegations before the arbitrators, who had considered them in making their award.

On August 14, the court issued a tentative ruling granting respondent's petition to confirm the arbitration award and denying appellants' motion for leave to file a cross-complaint. It found that appellant's request for trial was late, citing section 6204, subdivision (c), and that their motion was untimely. During a September 13 hearing, appellants filed a request for a statement of decision. The court adopted its August 14 tentative decision confirming the award against all appellant parties, and denying their motion to file a cross-complaint. Judgment against appellants was entered for $87,156.80. On September 13, the court adopted its August 14 minute order as its order. It also reaffirmed this ruling in an October 10 order.

Following judgment, respondent filed a motion for $61,406.25 in attorney fees incurred in confirming the arbitration award under section 6203, subdivision (c), and $18,937.50 for prevailing on the original complaint under the retainer agreement and Civil Code section 1717. Appellants opposed respondent's motion, and raised various evidentiary objections. They argued respondent submitted no proof that the work was done by independent contractors, invoices were insufficient, their original retainer agreement lacked necessary "prevailing party" language, and their agreement was void. The court granted respondent's motion, and awarded reduced attorney fees of $45,000 for the arbitration, and $11,250 pursuant to the written agreement. It filed an amended

5

judgment for $143,406.80. The court did not rule on appellants' evidentiary objections. Appellants filed a timely notice of appeal.

## DISCUSSION

### I

Our review of a judgment confirming an arbitration award is limited. "[B]ecause the Legislature has provided certain statutory grounds to overturn or modify an arbitrator's decision, courts should not subject such decisions to standard judicial review." (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 982 (*Aguilar*), citing *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 26-28 (*Moncharsh*).) "[A]n award reached by an arbitrator pursuant to a contractual agreement to arbitrate is not subject to judicial review except on the grounds set forth in [Code of Civil Procedure] sections 1286.2 (to vacate) and 1286.6 (for correction)." (*Moncharsh*, at p. 33.)

Appellants contend the appropriate standard is de novo, since they ask us to review the trial court's judgment confirming the arbitration award, and not the award itself. They cite *Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1471, which references a footnote in *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, footnote 9 (*AMD*). In *AMD*, the California Supreme Court approved an earlier court's use of the de novo standard to review a court judgment rather than the arbitrator's award. (*Ibid.*) However, the case in which the court reviewed the judgment de novo, *Southern Cal. Rapid Transit Dist. v. United Transportation Union* (1992) 5 Cal.App.4th 416, predated *Moncharsh* and *Aguilar*. We find no reason to disregard the court's clear determination of the limited appellate standard of review in *Moncharsh* and *Aguilar*.

#### A.     *Section 6203, Subdivision (b)*

As respondent notes in his brief, appellants do not contest on appeal that the arbitration award became final by operation of law. The Act provides that "the arbitration award shall become binding upon the passage of 30 days after service of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204." (§ 6203, subd. (b).) Here, the arbitration award was served

6

on February 16. The 30-day period for rejecting the arbitration award pursuant to section 6203, subdivision (b) expired on March 17. Each of appellants' attempts to reject the award, on March 21 and April 16, came too late. (See *Maynard v. Brandon* (2005) 36 Cal.4th 364, 376 ["A party who fails to timely request a trial de novo normally may be presumed to have acquiesced in the result reached through arbitration."].) As a result, the arbitrators' award is binding on the parties, and can only be set aside on the statutory grounds allowing for relief from arbitration. (See Code Civ. Proc., § 1286.2.) Because appellants present no evidence to support a statutory ground, we find no basis for overturning the judgment confirming the arbitration award.

B.    *Section 6203, Subdivision (a)*

Appellants contend the arbitration award is invalid because it did not dispose of the entire controversy. They argue the award bound only Deshay, and not the other appellant parties in the dispute. The Act requires that the resulting award "include a determination of all the questions submitted to the arbitrators, the decision of which is necessary in order to determine the controversy." (§ 6203, subd. (a).)

The arbitration proceeding applied to all appellants. After respondent filed a complaint against appellants, Deshay requested arbitration for "David Deshay, et al." When respondent listed only Deshay in filing for a stay, Deshay wrote to the arbitrators and the court to clarify that he sought arbitration on behalf of all appellants. Appellants claim that when the arbitrators listed only Deshay as a party in the mailed notice of proceeding and in its findings, only Deshay was bound by the determination. However, appellants represented the arbitration applied to all parties throughout the dispute. They cite to no authority for the proposition that settling the entire controversy under section 6203, subdivision (a) requires the express listing of all appellants in the arbitrators' decision. Under these circumstances, the arbitration award bound appellants referenced in respondent's underlying complaint, Deshay's letter to the arbitrators and the court, and the "et al" reference in their request for arbitration. The trial court did not err in

7

confirming the award against appellants. For the same reasons, we reject appellants' claim that the court's judgment was void because it bound all appellants.

## C. *Statement of Decision*

Appellants argue the court erred in failing to issue a statement of decision upon granting of respondent's petition to confirm the arbitration award.[4]

A trial court must issue a statement of decision explaining the factual and legal basis for its decision when any party requests it. (Code Civ. Proc., § 632.) The California Arbitration Act (CAA) provides that "[a] statement of decision shall be made by the court, if [it is timely] requested pursuant to [Code of Civil Procedure] Section 632, whenever an order or judgment, except a special order after final judgment, is made that is appealable under this title." (Code Civ. Proc., § 1291.) Courts have implied, without specifically holding, that in the context of confirming arbitration awards under Code of Civil Procedure section 1291, a statement of decision explaining the court's decision on the contested issues is not required unless timely requested by one of the parties. (*Metis Development LLC v. Bohacek* (2011) 200 Cal.App.4th 679, 689, italics omitted [holding that "[t]o harmonize sections 1291 [CAA] and 632, . . . where there is an adjudication of a question of fact by the court in deciding a petition to compel arbitration, a request for a statement of decision in the manner required by section 632 obligates the court to issue one" and reading "trial" in section 632 broadly to incorporate arbitration award confirmations].) The Act contains no similar requirement of a statement of decision.[5]

---

[4] In their reply brief, appellants concede that the court was not required to issue a statement of decision after denying their motion for leave to file a cross-complaint. (See *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 353-354 ["The general rule . . . is that a trial court need not issue a statement of decision after a ruling on a motion."].)

[5] Respondent cites one case that goes against the weight of the authority cited by appellants. He argues that *Rebmann v. Rohde* (2011) 196 Cal.App.4th 1283, 1288 supports his argument that the court was under no obligation to issue a statement of decision. In that case, the court held that a trial court decision to confirm an arbitration award was not a "trial" for purposes of Code of Civil Procedure section 632. (*Id.* at

The effect of appellants' request for a statement of decision is that we may not imply findings in respondent's favor on controverted issues if the trial court's omission or ambiguous resolution of those issues was brought to its attention. (Code Civ. Proc., § 634; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134.) The general rule is that "only when [a statement of decision] fails to make findings on a material issue which would fairly disclose the trial court's determination would reversible error result. [Citations.] Even then, if the judgment is otherwise supported, the omission to make such findings is harmless error unless the evidence is sufficient to sustain a finding in the complaining party's favor which would have the effect of countervailing or destroying other findings. [Citation.]" (*Hellman v. La Cumbre Golf & Country Club* (1992) 6 Cal.App.4th 1224, 1230.)

Here, the court issued its first tentative ruling on June 14, which indicated it would grant respondent's petition to confirm the arbitration award. It issued a second tentative ruling on August 14, adding language denying appellants' motion for leave to file a cross-complaint. In this second tentative ruling, the court proposed to grant respondent's petition and to deny appellants' motion. On September 13, appellants requested a detailed statement of decision before the court adopted its tentative decision. They wanted the court to address whether the award bound all appellant parties, and the period of time for which legal fees were awarded in arbitration, among other issues. As we have discussed, on October 1, the court rejected appellants' request, and stated that its September 13 minute order would "be the order of the court," and on October 10, it ordered "that the minute order be the order of the Court." The court did not refuse to issue a statement of decision, leaving the parties without any indication of its reasoning and ruling. (See *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1397 [holding reversal required, in part, because of court's refusal to provide properly requested statement citing

---

p. 1295.) However, only one reported case cites to *Rebmann*, and not for this proposition. (See *Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 818.)

9

lack of secretary].) Instead, the court's tentative ruling cited authority and explained the reasoning for its decision.

Finally, the court's statement resolved the essential issues in the dispute. As we have discussed, the arbitration award confirmed by the trial court bound all appellant parties, even though the court did not include all appellants in its tentative decision. In addition, the period of time for which the arbitrators awarded legal fees is defined by the scope of respondent's complaint, and the resulting award during arbitration. Given the court's adoption of a detailed tentative decision as its statement of decision, it was under no obligation to issue an expanded statement pursuant to appellants' request.[6]

D.     *Appellants' Cross-Complaint*

Appellants argue the trial court's denial of their motion for leave to file a cross-complaint was reversible error. They contend their claims of malpractice could not be heard during the arbitration proceeding, and thus required their filing of a cross-complaint in the trial court.

The Code of Civil Procedure requires a court to grant a motion for leave to file a compulsory cross-complaint "if the party who failed to plead the cause acted in good faith." (Code Civ. Proc., § 426.50.) "A motion to file a cross-complaint at any time during the course of the action must be granted unless bad faith of the moving party is demonstrated where forfeiture would otherwise result. Factors such as oversight, inadvertence, neglect, mistake or other cause, are insufficient grounds to deny the motion unless accompanied by bad faith." (*Silver Organizations Ltd. v. Frank* (1990) 217 Cal.App.3d 94, 99 [finding no substantial evidence of bad faith where record lacks suggestion of "dishonest purpose, moral obliquity, sinister motive, furtive design or ill will"].)

The Act prohibits clients from raising malpractice claims during the arbitration, except where the allegations "bear upon the fees, costs, or both, to which the attorney is

---

[6]     Finding no error in the court's statement of decision, we do not reach respondent's defense that appellants' request was an improper interrogation of the court on evidentiary matters.

10

entitled. The arbitrators shall not award affirmative relief, in the form of damages or offset or otherwise, for injuries underlying the claim." (§ 6203, subd. (a).) In pertinent part, the statute provides that a client waives its right to request or maintain arbitration if it commences an action or files a pleading seeking "[a]ffirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." (§ 6201, subd. (d); *Liska v. The Arns Law Firm* (2004) 117 Cal.App.4th 275, 283 (*Liska*) ["If the client should commence litigation against the attorney prior to the completion of the arbitration, the right to continue with the arbitration is lost."].) The statute "does not prohibit the client from filing a subsequent action against the attorney, nor does it provide that an action may be filed only if the client prevails in the arbitration." (*Liska*, at p. 283.) After an arbitration award, a client may file a complaint for issues not covered by the arbitration proceeding, so long as the complaint does not attack the final fees awarded during the arbitration. (*Id.* at p. 287 [finding court erred when it denied plaintiff opportunity to amend complaint to seek damages other than payment of disputed fees awarded to attorney].)

Here, the trial court denied appellants' motion for leave to file a cross-complaint because it was untimely, and because they should have raised the matter during the arbitration. Appellants are correct in asserting that the arbitrators were prohibited from awarding affirmative relief for the malpractice claims they would have raised in their cross-complaint. (See § 6203, subd. (a).) Nevertheless, the court did not err in denying appellants' motion. Appellants bear the burden of showing the court's error. Although the arbitrators were prohibited from awarding affirmative relief on appellants' malpractice claims, those claims were necessarily considered and rejected by the arbitration panel. The claims in appellants' proposed cross-complaint (fraud, conversion, malpractice, and others) essentially contended that respondent did not perform as required to earn his requested fees, an issue central to the arbitrators' deliberations. In their filings, appellants do not specify what factual or legal allegation against respondent

11

require a separate proceeding. Since the arbitrators awarded respondent a substantial portion of his requested fees, we presume they rejected appellants' allegations.

## II

Appellants argue the court erred in awarding respondent attorney fees incurred in confirming the arbitration award, and pursuant to the fee clause in their retainer agreement. They contend the court based its ruling on incompetent evidence, and respondent should not recover fees for work done by members of his firm.

"Whether attorney fees may be awarded is a question of law, which we review de novo. [Citation.] We review the amount of attorney fees awarded for abuse of discretion. [Citations.]" (*Dzwonkowski v. Spinella* (2011) 200 Cal.App.4th 930, 934.) On challenges to the amount of attorney fees, "[w]e may not reweigh on appeal a trial court's assessment of an attorney's declaration." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1323.) Further, "'[w]hen a trial court has resolved a disputed factual issue, an appellate court reviews the ruling according to the substantial evidence rule. The trial court's resolution of the factual issue must be affirmed if it is supported by substantial evidence. [Citation.] We look at the evidence in support of the trial court's finding, resolve all conflicts in favor of the respondent and indulge in all legitimate and reasonable inferences to uphold the finding.' [Citation.]" (*Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373, 378 (*Carpenter*).)

The court did not err in awarding attorney fees to respondent. The fees were based on a written agreement pursuant to Civil Code section 1717 and section 6203, subdivision (c). At the trial court, appellants raised various objections to the evidence supporting respondent's motion for attorney fees. Among other points, they argued respondent's claim for fees lacked foundation. The record indicates the trial court intended to overrule a majority of the objections, but did not expressly do so. Nevertheless, on matters such as the sufficiency of the evidence to support the amount of attorney fees incurred by respondent, we do not reweigh the evidence before the trial court. Respondent requested an award of attorney fees in the amount of $80,343.75. In support of this request, he

submitted a sworn declaration describing the legal fees incurred, and attached billing records. Substantial evidence indicates the trial court properly exercised its discretion in awarding respondent $56,250, an amount less than he requested.

Appellants claim respondent cannot recover fees incurred by members of his firm, because they represented their own interests in obtaining fees for their employer. (See *Trope v. Katz* (1995) 11 Cal.4th 274, 292 [attorney who chooses to litigate in propia persona cannot recover attorney fees under Civil Code section 1717].) However, an attorney represented by other members of his firm may recover fees where the representation involves the attorney's outside, personal interest. (See *Gilbert v. Master Washer & Stamping Co., Inc.* (2001) 87 Cal.App.4th 212, 214.) Relevant to this determination is whether the attorneys in this case acted as employees of respondent's firm, or as independent contractors who had no interest in respondent's claim for attorney fees. Accordingly, after oral argument, and pursuant to our invitation, respondent submitted letter briefing on a recent case, *Soni v. Wellmike Enterprise Co. Ltd.* (2014) 224 Cal.App.4th 1477. In that case, the court found substantial evidence supported the trial court's factual finding that attorney fees were incurred by associates of the firm, and not by independent contractors, which precluded recovery. (*Id.* at p. 1488; see also *Carpenter*, *supra*, 195 Cal.App.4th at p. 378.) Here, respondent sought compensation not for work he did himself, but instead "for time spent by attorneys working for the Rothman firm . . . as independent contractors . . . ." Respondent's supporting declaration stated that the fees were incurred "by attorneys working for me and assisting me as independent contractors for compensation. The time . . . does not include any time I spent working on the matter." Citing *Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1325, the trial court apparently found the fees were incurred by independent contractors. In that case, the court determined an attorney was entitled to recover fees incurred by retained counsel. (*Ibid.*) Here, substantial evidence supports the trial court's finding that independent contractors performed the work for which respondent was awarded fees. (See *Carpenter*, *supra*, at p. 378.)

13

## III

Finally, appellants argue that respondent's alleged unethical conduct precludes his recovery, and compels him to return any funds already received.  They cite two cases in support of these claims.  (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1150; *In re Fountain* (1977) 74 Cal.App.3d 715, 719.)  The arbitrators apparently rejected appellants' claims of malpractice by awarding respondent fees in their decision.  We do not find that respondent's alleged malpractice bars his recovery of fees from appellants.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to his costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.


We concur:



MANELLA, J.



EDMON, J.*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.