Filed 4/26/22  H.T.L. Properties, LLC v. Speck CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| H.T.L. PROPERTIES, LLC et al. | B302436 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC677442) |
| v. | |
| JAMES SPECK et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael P. Vicencia, Judge.  Affirmed.

McCreary and Duncan J. McCreary for Plaintiffs and Appellants.

Ferruzzo & Ferruzzo, Gregory J. Ferruzzo, Alex C. Verdegem and Sean E. Morrissey for Defendants and Respondents.

_____

This litigation arises out of a dispute between certain entities and individuals concerning the use of a large electronic sign in the City of Long Beach to advertise car dealerships in the area.  When plaintiffs and appellants H.T.L. Properties, LLC (HTL Properties) and HTL Automotive, Inc. (HTL Automotive), were denied use of the sign, they filed a lawsuit against defendants and respondents James Speck (Speck), Circle Automotive Group, Inc. (Circle Auto), and Electra Media, Inc. (EMI), claiming that defendants wrongfully denied them use of the sign.  Defendants successfully moved for summary judgment and were awarded attorney fees and costs.  HTL Properties and HTL Automotive appealed the trial court's order granting summary judgment, and on May 4, 2021, we dismissed HTL Automotive's appeal because it was not in good standing with the Franchise Tax Board and affirmed the judgment against HTL Properties.  (*H.T.L. Properties, LLC v. Speck* (May 4, 2021), B299160 [nonpub. opn.], p. 21.)  They now appeal the trial court's award of attorney fees and costs.

Because the trial court did not err in awarding defendants attorney fees and costs, we affirm.

## FACTUAL BACKGROUND

As set forth in our prior opinion, the parties dispute the use of an electronic advertising sign.  Use of that sign is governed by the North East Long Beach Advertising Association's (NEDA) agreement (the NEDA agreement).  (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 3.)  According to the terms of the NEDA agreement, the NEDA sign is used solely for identifying NEDA members' auto dealerships.  Only NEDA members may use the NEDA sign.  HTL Automotive became a member of NEDA in 2008 when it purchased a participating car dealership.

2

It ceased being a NEDA member in 2016 when it sold its car dealership. (*Id*. at p. 4.)

Neither HTL Properties nor any of the three defendants was ever a party to the NEDA agreement. (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 17.)

The NEDA agreement provides, in relevant part: "If any party defaults in the performance of their obligations pursuant to this Agreement and any party entitled to enforce such provision has obtained the services of an attorney with respect to the default involved, the defaulting party shall pay to such non defaulting party upon resolution of said default in favor of the non defaulting party, any costs or fees involved including reasonable attorneys' fees, whether or not suit[] has been instituted. In the event action is commenced to enforce any of the provisions contained in this Agreement, the prevailing party shall be entitled to recover from the other party thereto, reasonable attorney fees and costs of such suit whether or not such action proceeds to final judgment."

## PROCEDURAL BACKGROUND

On September 27, 2017, plaintiffs filed the instant action against defendants, alleging, inter alia, breach of contract.[1] (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 9.) According to the respondent's brief, plaintiffs specifically requested attorney fees in their complaint.

---

[1] As set forth in our prior opinion, the alleged contract is undefined. Plaintiffs' claims could have been based upon some vague oral agreement or the NEDA agreement. We addressed both possibilities in our prior opinion. (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at pp. 15–18.)

Defendants moved for summary judgment.  (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 10.)  On April 24, 2019, the trial court granted defendants' motion for summary judgment.  In so doing, the trial court determined that the NEDA agreement was controlling.  "Only members of [NEDA could] advertise on the [NEDA] [s]ign.  [Because] [p]laintiffs sold their [car] [d]ealership, . . . [p]laintiffs no longer had any interest in, or right to advertise on the [NEDA] [s]ign because they were no longer members of" NEDA.  Thus, plaintiffs had no viable claim against defendants.  (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 12.)

Thereafter, defendants filed a motion for attorney fees and costs.  They argued that pursuant to California statutes and the terms of the NEDA agreement, they were entitled to recoup their attorney fees and costs.

Plaintiffs opposed the motion.

On September 10, 2019, the trial court granted defendants' motion, awarding them $157,191 in attorney fees and $7,219.60 in costs.[2]

Plaintiffs' timely appeal ensued.

## DISCUSSION

I. *Standard of review*

As defendants correctly point out in their respondents' brief, plaintiffs do not challenge the amount of attorney fees awarded.  Rather, the only issue on appeal is whether they were

---

[2]    Later, on October 19, 2021, the trial court awarded defendants an additional $40,519.50 in attorney fees and $977.08 in costs incurred in connection with plaintiffs' unsuccessful appeal.  Those amounts were added to the judgment, with a total award of $197,710.50 in attorney fees and $8,196.68 in costs.

"entitled to recover attorney fees." Thus, as the parties agree, we review this issue de novo. (*Dzwonkowski v. Spinella* (2011) 200 Cal.App.4th 930, 934.)

II. *Relevant law*

Civil Code section 1717, subdivision (a) (section 1717), "declares that '[*i*]*n any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.' (Italics added.)" (*California-American Water Co. v. Marina Coast Water Dist.* (2017) 18 Cal.App.5th 571, 576.)

"The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610.) In other words, section 1717 "makes an otherwise unilateral right [to contractual attorney fees] reciprocal, thereby ensuring mutuality of remedy." (*Santisas v. Goodin, supra*, at p. 611.) "To ensure mutuality of remedy . . . , it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. [Citations.]" (*Santisas v. Goodin, supra*, at p. 611.)

"'. . . California courts liberally construe the term ""on a contract"" as used within section 1717. [Citation.] As long as the

action "involve[s]" a contract it is "'on [the] contract'" within the meaning of section 1717.  [Citations.]' [Citations.]" (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.)

III. *Analysis*

Applying these legal principles, we conclude that the trial court properly determined that defendants were entitled to attorney fees under the terms of the NEDA agreement.  Plaintiffs initiated this litigation because they sought use of the NEDA sign.  (*H.T.L. Properties, LLC v. Speck*, *supra*, B299160, at p. 12.) The use of that sign is governed by the NEDA agreement.  (*Id*. at p. 3.)  And the NEDA agreement contains a broad attorney fee provision.

Urging us to reverse, plaintiffs rely upon *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744 for the proposition that because defendants "raised a contract as a bar to the operative complaint," they are not entitled to attorney fees.  Plaintiffs seem to be arguing that because their claim was actually based upon an alleged oral agreement and/or e-mails memorializing an oral agreement, neither of which contained an attorney fees provision, defendants cannot claim attorney fees pursuant to the NEDA agreement.  We are not convinced.  As the trial court properly determined, and as we held in our prior opinion, the NEDA agreement controlled this dispute; it set forth all of the terms concerning the use of the NEDA sign.  Thus, its attorney fee provision applies as well.

The fact that plaintiffs did not attach a copy of the NEDA agreement to their complaint or allege its existence does not compel a different result.  This matter was fully litigated to judgment, and it has been determined that this matter is

6

governed by the NEDA agreement. The fact that that agreement was not attached to the complaint is irrelevant.

Plaintiffs further argue that defendants are not entitled to attorney fees because they (defendants) were not parties to the NEDA agreement. Plaintiffs are mistaken. The purpose of section 1717 requires it "'be interpreted to . . . provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney[] fees should he prevail in enforcing the contractual obligation against the defendant.' [Citations.]" (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 819.) Had plaintiffs succeeded in enforcing the NEDA agreement against defendants, plaintiffs would have been entitled to recover their attorney fees. Thus, even though defendants were nonsignatories to the NEDA agreement, they are entitled to recoup their attorney fees here.

Plaintiffs also contend that the trial court erred in awarding attorney fees to Alant Corporation, Inc. Alant Corporation, Inc., was not awarded attorney fees.

Finally, plaintiffs contend that the terms of the contract's attorney fee provision do not apply for at least two reasons: (1) When the trial court granted defendants' motion for summary judgment, it found that plaintiffs were not parties to the NEDA agreement and a contractual attorney fee clause only applies to a party; and (2) Plaintiffs were not in default of performance. We disagree.

As set forth above, plaintiffs brought this action "on the contract," specifically the NEDA agreement. The fact that they were ultimately adjudged not to be parties to the NEDA agreement does not negate defendants' entitlement to attorney

7

fees for the same reasons set forth above.  (See, e.g., *Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435 ["on occasion attorney fees may be assessed *against* a nonsignatory who loses an action on the contract"]; *Santisas v. Goodin, supra*, 17 Cal.4th at p. 611; *Brown Bark III, L.P. v. Haver, supra,* 219 Cal.App.4th at pp. 819–820.)

And, plaintiffs misconstrue the term "default."  Fairly read, their complaint against defendants was based upon the theory that defendants defaulted on their obligation under the NEDA agreement to allow plaintiffs to use the NEDA sign.  Regardless, the second sentence of the attorney fee clause is broad, covering any action to enforce any of the provisions set forth in the NEDA agreement.  At this risk of sounding redundant, that is exactly what this lawsuit was all about.

## DISPOSITION

The order is affirmed.  Defendants are entitled to attorney fees and costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT